[No. 3,436.]

## ROMIE ET AL. *v.* CASANOVA ET AL.

CONSTRUCTION OF ALCALDE GRANT.—An Alcalde granted a lot in the
Pueblo of San José to P., describing it as "situated to the south of the
house of the citizen Feliz Buelna and in this municipality." *Held*, that
the description may be construed to mean south of the lot of Buelna.

APPEAL from the District Court of the Third Judicial
District, County of Santa Clara.

The action was ejectment, in which the plaintiffs claimed
title under two grants, dated August 14th, 1847, and made
by John Hutton, Alcalde of the Pueblo of San José, one of
which granted land in the pueblo to Feliz Buelna, describ-
ing it as "on the south end of said town, being bounded
northeast by the road to Monterey, northwest by the lot of
Francisco Sesena, and by the water on the rear, and contain-
ing seventy-five varas in front, and running back on the
south line one hundred and fifty varas;" and the other
granted land to John F. Romie, described as "on the south
end of said town, and being bounded in front by the base
line run by James D. Hutton, Esq., and extending from
said line to the rear of a lot granted to Feliz Buelna, and
being seventy-five varas in front, and having forty-eight
varas in depth on the south line." The defendant claimed
under a grant made by Alcalde Feliz Buelna, dated at San
José, December 17th, 1845, translated as follows: "There is
granted to the neighbor Bisente Padia a lot of fifty varas
front and a hundred deep, this lot being situated to the
south of the house of the citizen Feliz Buelna, and in this
municipality." The demanded premises only embraced the
land granted to Padia, and when the grant was made the
Alcalde placed him in possession of the same, and he built
a house on it, and moved into it. Judgment was rendered
for the defendants, and the plaintiffs appealed.

*Houghton & Reynolds*, for Appellants, argued that the house, and not the lot, of Buelna, must be taken as the call in the grant to Padia, and that if the grant was susceptible of location from such a call, it must be made in a parallelogram with the south side of the house, in the center of the base or north line, and cited *Chinoweth* v. *Lessee of Haskell et al.* 3 Pet. 96; *Massie* v. *Watts*, 6 Cranch, 165; *Bodlie* v. *Taylor*, 5 id. 225, 226; *Shipp* v. *Miller's Heirs*, 2 Wheaton, 323; *Jackson* v. *Wilkinson*, 17 Johnson R. 156.

*Archer*, for Respondents.

The construction asked by the appellants would make it appear that the Alcalde granted to Padia the southern fifty varas of his own lot, and delivered to him, not that property, but property adjoining it. The language of the grant does not require such a construction. The word house, in the grant, should be taken to mean lot.

By the Court:

The Court below finds that the demanded premises were granted by the Alcalde to the defendant's grantor in 1845, and that juridical possession thereof was given. We think the evidence justifies the finding. The words in the grant, "this lot being situated to the south of the house of the citizen Buelna," do not necessarily imply that the lot was immediately adjoining the *house* of Buelna. It may well have been, where the Court finds it was, to the south of the Buelna lot.

Judgment and order affirmed.